Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-3608
(307) 777-8920 Facsimile
prentice.olive@wyo.gov

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BENJAMIN D. BURKS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-00047-KHR |
| | ) | |
| TANNER MATTHEW QUICK, an | ) | |
| individual, TARYN MATTHEW | ) | |
| SCIORTINO, an individual, and | ) | |
| JOHN/JANE DOE DETENTION | ) | |
| OFFICERS 1-10, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Tanner Quick and Taryn Sciortino, in their individual capacities, hereby answer Plaintiff's First Amended Complaint and state as follows:

### I. INTRODUCTION

1.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and, therefore, deny those allegations.

2-5.     Defendants deny the allegations of paragraphs 2 through 5.

6.     Defendants admit that plaintiff engaged in the referenced misconduct and the referenced order was given.  The Defendants deny the remaining allegations of paragraph 6.

7.      Defendants admit that plaintiff flipped "the bird" at the camera.  Defendants deny the remaining allegations of paragraph 7.

8-9.      Defendants deny the allegations of paragraphs 8 and 9.

10.      Defendants admit that Quick engaged in the referenced misconduct.  Defendants deny the remaining allegations of paragraph 10.

11-13.    Defendants deny the allegations of paragraphs 11 through 13.

14.      Defendants admit that plaintiff engaged in the referenced misconduct. Defendants deny the remaining allegations of paragraph 14.

15-24.    Defendants deny the allegations of paragraphs 15 through 24.

25.      Defendants deny that plaintiff was injured as a result of any conduct on their part and deny that he suffered severe injuries.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 25, and, therefore, deny those allegations.

26.      Defendants deny the allegations of paragraph 26.

27-29.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraphs 27 through 29, and, therefore, deny those allegations.  Defendants deny that plaintiff was injured, or required any medical treatment, as a result of any conduct on their part.

30.      Defendants deny the allegations of paragraph 30.

31.      Defendants admit that this suit has been filed but deny that plaintiff has any actionable claims herein.

## II.  PARTIES

32.      Defendants repeat and incorporate by this reference the responses set forth above.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33, and, therefore, deny those allegations.

34-36.     Defendants deny the allegations of paragraphs 34 through 36.

### III.  JURISDICTION AND VENUE

35.     Defendants repeat and incorporate by this reference the responses set forth above.[1]

36.     Defendants admit the allegations of paragraph 36, but deny that plaintiff has any actionable claims herein.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants admit the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

### IV.  FACTUAL ALLEGATIONS

40.     Defendants repeat and incorporate by this reference the responses set forth above.

41-42.     Defendants deny the allegations of paragraphs 41 and 42.

43.     Defendants admit that plaintiff committed a rule violation and was ordered to stop engaging in misconduct.  Defendants deny the remaining allegations of paragraph 43.

44-46.     Defendants deny the allegations of paragraphs 44 through 46.

47.     Defendants admit that plaintiff used profanity.  Defendants deny the remaining allegations of paragraph 47.

48-50.     Defendants deny the allegations of paragraphs 48 through 50.

51.     Defendants admit the allegations of paragraph 51.

52-53.     Defendants deny the allegations of paragraphs 52 and 53.

---

[1] Plaintiff's First Amended Complaint contains two sets of paragraphs labeled as 35 and 36. Defendants are responding to both sets of paragraphs separately.

54-55.    Defendants admit the allegations of paragraphs 54 and 55.

56.    Defendants admit that plaintiff kicked or attempted to kick Sciortino.  Defendants deny the remaining allegations of paragraph 56.

57-63.    Defendants deny the allegations of paragraphs 57 through 63.

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 64 and, therefore, deny those allegations.

65.    Defendants admit that DCI performed an investigation.  Defendants deny the remaining allegations of paragraph 65.

66.    Defendants deny the allegations of paragraph 66.

## V.  CLAIMS FOR RELIEF

### COUNT I
**42 U.S.C. § 1983 – Fourteenth Amendment Excessive Force**
(Against Quick, Sciortino, and Doe Defendants)

67.    Defendants repeat and incorporate by this reference the responses set forth above.

68-70.    Paragraphs 68 through 70 state legal conclusions to which no response is required.  To the extent any allegations are made therein against Defendants, they are denied.

71-78.    Defendants deny the allegations of paragraphs 71 through 78.

### COUNT II
**42 U.S.C. § 1983 – Failure to Intervene**
(Against Sciortino and Doe Defendants)

79.    Defendants repeat and incorporate by this reference the responses set forth above.

80-83.    Defendants deny that excessive force was used.  Defendants deny the allegations of paragraphs 80 through and 83.

### COUNT III
### Negligence – Peace Officer Liability
(W.S. § 1-39-112)
(Against all Defendant Quick)

84.    Defendants repeat and incorporate by this reference the responses set forth above.

85.    Paragraph 85 states legal conclusions to which no response is required.  To the extent any allegations are made therein against Defendants, they are denied.

86-87.    Defendants deny the allegations of paragraphs 86 and 87.

### VI.  DAMAGES

88.    Defendants repeat and incorporate by this reference the responses set forth above.

89.    Defendants deny the allegations of paragraph 89.

### FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Qualified immunity bars plaintiff's claims against Defendants under 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

Qualified immunity bars any state law claim by plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Governmental immunity under the Wyoming Governmental Claims Act bars any state law claim by plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a failure to mitigate his alleged damages, the existence of which is denied.

## SIXTH AFFIRMATIVE DEFENSE

Any state law claim by plaintiff is barred by his failure to comply with the Wyoming Governmental Claims Act, including Wyoming Statutes. § 1-39-113.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages on a state law claim is barred by the Wyoming Governmental Claims Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, the existence of which is denied, were caused by an intervening, superseding cause.

## NINTH AFFIRMATIVE DEFENSE

Any liability on a state law claim, the existence of which is denied, is eliminated or reduced pursuant to the comparative fault statute.

## TENTH AFFIRMATIVE DEFENSE

Any state law claim by plaintiff is barred by the statute of limitations under Wyoming Statutes § 1-39-114.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a failure to exhaust administrative remedies under the Prison Litigation Reform Act.

WHEREFORE, Defendants pray that the court dismiss this matter with prejudice, plaintiff taking nothing hereby, award Defendants their costs incurred herein and grant Defendants such other and further relief as the court deems proper.

DATED this 7th day of April, 2026.

/s/Prentice B. Olive
Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-3608
(307) 777-8920 Facsimile
prentice.olive@wyo.gov

Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 7th day of April, 2026, a true and correct copy of the foregoing **Answer to First Amended Complaint** was served as indicated below:

Jack D. Edwards
Kaden B. Canfield
Edwards Law Office, P.C.
P.O. Box 5345
Etna, WY  83118
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com

[✓] CM/ECF

*/s/Kailie D. Harris*
Kailie D. Harris, Paralegal
Office of the Wyoming Attorney General