**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

BENJAMIN D. BURKS, an individual,      )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
TANNER MATTHEW QUICK, an               )        Case No. 26-CV-00047-KHR
individual, TARYN MATTHEW              )
SCIORTINO, an individual, and          )
JOHN/JANE DOE DETENTION                )
OFFICERS 1-10, individually,           )
                                       )
                Defendants.            )

**JOINT CASE MANAGEMENT PLAN**

**(The parties' proposed plan is subject to revision and modification by the Court at the
Initial Pretrial Conference)**

1.      The names of counsel or pro se parties who attended the Rule 26(f) meeting and

assisted in developing this Case Management Plan.

**Response:**

**Jack D. Edwards**
**Kaden B. Canfield**
**Edwards Law Office, P.C.**
**PO Box 5345**
**Etna, WY   83118**
**307.883.2222**
**jack@edwardslawofficepc.com**

**Attorney for Plaintiff**

**Mark A. Klaassen, Bar No. 6-4511**
**Deputy Attorney General**
**Wyoming Attorney General's Office**
**109 State Capitol**
**Cheyenne, Wyoming 82002**
**(307) 777-7495**
**(307) 777-8920 Facsimile**
**mark.klaassen@wyo.gov**

Prentice B. Olive, Bar No. 8-6691
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-3608
(307) 777-8920 Facsimile
prentice.olive@wyo.gov

**Attorneys for Defendants**

2.      A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:    Benjamin D. Burks (Plaintiff), Tanner Matthew Quick (Defendant), Taryn Matthew Sciortino (Defendant).**

3.      List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:    None**

4.      A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Plaintiff:    This is a civil rights and personal injury action arising from the use of force against Plaintiff Benjamin D. Burks while he was a pretrial detainee at the Park County Detention Center in Cody, Wyoming.   Plaintiff alleges that Defendants Tanner Quick and Taryn Sciortino, acting under color of state law, used objectively unreasonable and excessive force against him following a minor incident within the detention facility.   Plaintiff contends that after he was restrained and no longer posed a threat, he was subjected to unnecessary force, including being shoved and slammed face-first onto a concrete surface, causing severe**

**and permanent injuries, including traumatic brain injury, facial fractures, and significant dental injuries.**

**Defendants:   This is an alleged excessive force case wherein Plaintiff alleges he was wrongfully taken to the ground, causing injury.   Defendants assert that they used force that was objectively reasonable under the circumstances, considering Plaintiff's active resistance. Defendants generally deny the allegations in the Amended Complaint and assert various affirmative and additional defenses, including qualified immunity.**

5.       A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.   If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.   The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.   *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:   Plaintiff sues for violations of the United States Constitution brought pursuant to 42 U.S.C. § 1983, claiming that his federal rights were violated by the Defendants while acting under color of state law.   The Court has original jurisdiction under 28 U.S.C. §1331.**

6.       A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served.   Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:    There are no parties that have not been served.**

3

7.      A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:    Plaintiff believes that he may add additional parties or otherwise amend the pleadings.    Defendants do not plan to add additional parties or otherwise amend the pleadings.**

8.      Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:    Both parties anticipate that they may file dispositive motions after the close of discovery.**

9.      Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:    The parties will exchange initial disclosures by the date of the initial pretrial conference.**

10.     Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:    The parties agree that it is too early to stipulate to any facts to avoid discovery.    Both parties anticipate serving requests for production, interrogatories, requests for admission and taking deposition of the parties and other witnesses.    The parties do not anticipate the proportionality of discovery being an issue.    The parties do not anticipate any**

**issues with the discovery of electronically stored information.   The parties do not anticipate the need to limit discovery in any manner at this time.**

11.    Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.   Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

        a.    Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

        b.    A proposed deadline for the completion of fact discovery; and

        c.    A proposed date for trial.

**Response:   The parties defer to the court as to the trial date and to the setting of all other deadlines.**

12.    Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:    The parties do not believe there are any matters peculiar or unique to the case.**

13.    The estimated length of trial and any suggestions for shortening the trial.

**Response:    The parties estimate the length of trial to be five (5) days.   The parties suggest stipulations of fact as a way to shorten the trial.**

14.    The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:    The parties believe the prospects for settlement are poor.**

15.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:     No other matters.**


 /s/ Jack D. Edwards_____          06.17.2026_____
Counsel for Plaintiff                                  Date


/s/ Prentice B. Olive_____          06.17.2026_____
Counsel for Defendant(s)                         Date