IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**

**4:13 pm, 6/25/26**

**Margaret Botkins**
**Clerk of Court**

**BENJAMIN D. BURKS**,

      Plaintiff,

      vs.

**TANNER MATTHEW QUICK** and
**TARYN MATTHEW SCIORTINO**,

      Defendants.

Case No.  26-CV-047-KHR

---

### INITIAL PRETRIAL ORDER

On Wednesday, June 24, 2026, the Honorable Scott P. Klosterman, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-captioned matter. Participants included Jack D. Edwards for Plaintiff and Mark Klaassen and Prentice B. Olive for Defendants. After hearing from the parties, the Court established the following trial schedule:

### I.  JURISDICTION, SERVICE OF PROCESS, AND VENUE

The Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties.

### II.  CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties are aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a) and acknowledge that this case will proceed before the District Judge assigned hereto and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial

before a Magistrate Judge at least sixty (60) days prior to the trial date.

## III. CLAIMS AND DEFENSES

In the Joint Case Management Plan [ECF No. 22] the Parties provided the following

statements summarizing this case:

> Plaintiff: This is a civil rights and personal injury action arising from the use of force against Plaintiff Benjamin D. Burks while he was a pretrial detainee at the Park County Detention Center in Cody, Wyoming. Plaintiff alleges that Defendants Tanner Quick and Taryn Sciortino, acting under color of state law, used objectively unreasonable and excessive force against him following a minor incident within the detention facility. Plaintiff contends that after he was restrained and no longer posed a threat, he was subjected to unnecessary force, including being shoved and slammed face-first onto a concrete surface, causing severe and permanent injuries, including traumatic brain injury, facial fractures, and significant dental injuries.
>
> Defendants: This is an alleged excessive force case wherein Plaintiff alleges he was wrongfully taken to the ground, causing injury. Defendants assert that they used force that was objectively reasonable under the circumstances, considering Plaintiff's active resistance. Defendants generally deny the allegations in the Amended Complaint and assert various affirmative and additional defenses, including qualified immunity.

*Id.* at ¶4.

## IV. COMPLEXITY OF THE CASE

The undersigned is of the opinion that this is a non-complex case.

## V. RULE 26(f) SCHEDULING CONFERENCE

All parties have complied with their obligations under Rule 26(f) and have exchanged their

required initial disclosures.

## VI. SELF-EXECUTING ROUTINE DISCOVERY

The parties have engaged, or will engage, in self-executing routine discovery exchanges. Pursuant to U.S.D.C.L.R. 37.1(b) the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Klosterman's Chambers prior to filing any written discovery motions.

Additionally, the parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Federal Rule of Civil Procedure 26(a).

## VII. PROPOSED ORDERS

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Rankin's chambers in Word or WordPerfect format and emailed to wyojudgekhr@wyd.uscourts.gov.

All proposed orders regarding non-dispositive motions should be submitted to Judge Klosterman's chambers in a Word or WordPerfect format and emailed to wyojudgespk@wyd.uscourts.gov.

## VIII. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)

The Court does not prohibit the Parties' use of generative AI in their filings. However, it is imperative that Parties who use AI ensure that any filings do not contain erroneous or fictious case law authority or other references that mislead opposing counsel and the Court. The Parties are put on notice that failure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule

11 and other applicable standards of practice and subject the filer to sanctions or other corrective or disciplinary action. Parties should review and comply with the Court's General Order Concerning the Use of Artificial Intelligence in the Preparation of Filings, 25-01.

### IX.    AMENDMENT OF PLEADINGS

Any motion to amend the pleadings or add additional parties shall be filed by **Monday, November 2, 2026**.

### X.    EXPERT WITNESS DESIGNATION

Plaintiff's Expert Designation Deadline: **Tuesday, January 19, 2027**.

Defendants' Expert Designation Deadline: **Tuesday, February  16, 2027.**

In accordance with U.S.D.C.L.R. 26.1(e), the designation of expert witnesses by Plaintiff shall include a complete summary of each expert's anticipated testimony and shall be provided to opposing counsel no later than **Tuesday, January 19, 2027**. Pursuant to the same rule, the designation of expert witnesses by Defendants shall include a complete summary of each expert's anticipated testimony and shall be provided to opposing counsel no later than **Tuesday, February  16, 2027**. Each summary must include a comprehensive statement of the expert's opinions and the basis for those opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980).

Designation of an expert under this paragraph **does not** satisfy the obligation to provide an expert report pursuant to **Federal Rule of Civil Procedure 26(a)(2)(B)**. The Parties may depose the other Parties' experts after the discovery cutoff; however, all such

depositions **must be completed at least fourteen (14) days prior to the final pretrial conference**.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P.  26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

## XI.        LISTING OF OTHER WITNESSES

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before **<u>Monday, March 15, 2027</u>**. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed will be prohibited from testifying, absent a showing of good cause and consent from the Court. Testimony not reasonably set out in the summary may be disallowed on the opposing party's motion or sua sponte.

## XII.        DISCOVERY CUTOFF DATE

The discovery cutoff date is **Monday, May 10, 2027.** All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in FED. R. CIV. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

### XIII.   DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1]

Filing Deadline: **Monday, May 24, 2027**.

Response Deadline: **Monday, June 7, 2027**.

Reply Deadline: **Monday, June 14, 2027**.

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is **Monday, May 24, 2027**. The parties shall file response briefs and materials on or before **Monday, June 7, 2027**. The parties shall file reply briefs and materials on or before **Monday, June 14, 2027**.[2] The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

### XIV.   STIPULATIONS AS TO FACTS

---

[1] A "*Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which all parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendants do not, and packet #3 shall include the facts to which Defendants seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by **Monday, June 21, 2027**.

### XV.    MOTIONS IN LIMINE

Filing Deadline: **Monday, June 21, 2027**.

Response Deadline: **Monday, July 5, 2027**.

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than **Monday, June 21, 2027**. Responses shall be filed no later **Monday, July 5, 2027**. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference. No replies are permitted without leave of the Court.

### XVI.    FINAL PRETRIAL CONFERENCE

A final pretrial conference in this matter has been scheduled for **1:00 p.m. on Monday, July 19, 2027**, at the Joseph C. O'Mahoney Federal Center in Cheyenne, Wyoming, before the Honorable Kelly H. Rankin. Counsel for the parties shall appear in person. BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE RANKIN'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL

FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. If you cannot locate the form, please contact Judge Rankin's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Rankin's chambers (but not filed) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

### XVII. WITNESS AND EXHIBIT LISTS

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order</u>. The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

### A. *Marking of Exhibits*

All exhibits must be marked by the parties before trial. Counsel for Plaintiff shall list and mark each exhibit with numerals and the number of the case, and counsel for

Defendants shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall precede the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

### B. Elimination of Duplicate

The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

### C. Copies for the Court

Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS FORMATTING:** The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |

* This column is for use by the trial judge at trial.

**<u>The following categories are to be used for objections to exhibits:</u>**

**Category A.** These exhibits are admissible upon motion of any party and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B.** These exhibits are objected to on grounds other than foundation, identification, or authenticity.  This category should be used for objections such as hearsay or relevance.

**Category C.**  These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance.  Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS** AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

XVIII.    **JURY EVIDENCE RECORDING SYSTEM (JERS)**

The Court is implementing a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days prior to the start of trial**. For detailed instructions on how counsel should format and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information (JERS) section at https://www.wyd.uscourts.gov/attorneys.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif

- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

## XIX. INDEPENDENT MEDICAL EXAMINATIONS

The provisions of Rule 35 of the Federal Rules of Civil Procedure shall govern the conduct of any independent medical examination ("IME") of a party whose mental or physical condition is in controversy. Any IME must be completed **no later than five weeks before trial**, with the examiner's report due within ten days of the completion of the examination.

## XX.   JURY TRIAL

A jury trial is set before the Honorable Kelly H. Rankin for **9:00 a.m. on Monday, August 30, 2027**, in Cheyenne, Wyoming, and is expected to last five days. This trial is currently stacked #1 on the Court's docket. U.S.D.C.L.R. 40.1(a). The parties shall, no later than **three (3) days** prior to the commencement of trial, file <u>a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted</u>. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . .".

## XXI.   SETTLEMENT POSSIBILITIES

The settlement possibilities of this case are considered by the undersigned judge to be fair.

Dated this 25th day of June 2026.

Scott P. Klosterman
United States Magistrate Judge