EDWARDS LAW OFFICE, P.C.
Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
PO Box 5345
Etna, WY 83118
307.883.2222
Fax: 307.883.0555
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BENJAMIN D. BURKS, an individual,<br><br>Plaintiff,<br>v.<br><br>TANNER MATTHEW QUICK, an individual, TARYN MATTHEW SCIORTINO, an individual, and JOHN/JANE DOE DETENTION OFFICERS 1–10, individually,<br><br>Defendants. | Civil No.: 1:26-cv-00047 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Benjamin D. Burks, by and through counsel, respectfully submits this Response to *Defendants' Motion for Entry of Protective Order* [ECF No. 24]. Plaintiff does not oppose the entry of a protective order in this action. Plaintiff opposes only the entry of Defendants' proposed form of order, which omits two modest provisions necessary to make the order fair and workable. Plaintiff respectfully requests that the Court enter Plaintiff's proposed protective order, submitted herewith, and states as follows.

## I. INTRODUCTION

The parties agree that a protective order should be entered to govern the exchange of personnel files, employment records, and law-enforcement-sensitive information in this 42 U.S.C. § 1983 excessive-force case. The parties disagree about two terms. Plaintiff's proposed order provides that (1) when a confidentiality designation is challenged, the designating party must, on written demand and without motion practice, state in writing the specific basis for the designation; and (2) if the dispute reaches the Court, the party that designated the material bears the burden of establishing that it is entitled to protection.

Defendants call these provisions "unnecessary" and say the parties' good-faith obligation and the Court's ordinary processes are enough. That position is contrary to controlling principles of Rule 26(c) — and, more pointedly, contrary to this Court's own decision in *DeBeer v. Amazon Logistics, Inc.*, No. 23-CV-33-J, 2023 WL 11956225 (D. Wyo. Sept. 20, 2023) (Rankin, J.), which adopted precisely the burden allocation Plaintiff proposes. Plaintiff's provisions do not impede discovery. They ensure that the party invoking confidentiality — the party with the information and the burden — is the one that must justify it.

## II. BACKGROUND

This action arises from a use-of-force incident at the Park County Detention Center. Plaintiff alleges excessive force and failure to intervene under 42 U.S.C. § 1983. Defendants dispute liability and characterize the incident as a response to Plaintiff's resistance; Plaintiff disputes that characterization, but the merits are not at issue on this Motion.

The parties agree that discovery will involve sensitive material warranting a protective order and agree that such an order should be entered. They conferred under Local Rule 7.1(b)(1)(A) but could not agree on two terms. Defendants moved for entry of their proposed order [ECF No. 24, Ex. A]. Plaintiff submits his own proposed order, identical to Defendants' in all respects except for the two provisions addressed below.

## III. ARGUMENT

### A. The parties agree good cause exists; the only dispute is the terms of the order.

The decision to enter a protective order rests in the Court's discretion, and the party seeking protection bears the burden of showing good cause under Rule 26(c). Plaintiff does not contest that good cause supports entry of a protective order here. The narrow question is which form of order the Court should enter — and that question turns on which terms best conform to Rule 26(c) and this Court's practice.

### B. Plaintiff's proposed provisions reflect the governing law of this District, as this Court held in *DeBeer*.

Both of Plaintiff's provisions track this Court's decision in *DeBeer*, which involved the identical posture: competing proposed blanket protective orders in which the parties could not agree on how confidentiality designations would be challenged and who would bear the burden.

#### 1. The designating party bears the burden of proving confidentiality.

In *DeBeer*, this Court held that under a blanket protective order, "the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation," and that the burden of proving confidentiality never shifts from the party asserting that claim — only the burden of raising that issue shifts. The Court stated the rule plainly: "the burden of proving confidentiality always falls on the party designating

the information and documents as confidential," which party always has the burden of establishing good cause under Rule 26(c). Plaintiff's proposed Paragraph 3 codifies exactly this allocation. Defendants' silence on the point would leave the order ambiguous on the very issue this Court has already resolved.

**2. The designating party should articulate the basis for a challenged designation.**

*DeBeer* also supports Plaintiff's written-justification provision. Faced with the same dispute presented here — Defendants there sought to place the burden on the challenging party to move, while the plaintiff sought to place it on the designating party — this Court placed the burden on the designating party, reasoning that it "already has the initial burden of persuasion regarding confidentiality and has ready access to the pertinent information related to the contested material." A requirement that the designating party briefly state, in writing and on demand, why a document is confidential is the least burdensome way to operationalize that holding. It requires nothing the designating party does not already possess: the party must designate in good faith to begin with, and it holds the information needed to explain the designation.

**C. Defendants' position — that good-faith designation and existing processes suffice — is contrary to the very authorities Defendants cite.**

Defendants argue that no articulation requirement is needed because the parties are obligated to designate in good faith and the Court has processes to resolve disputes. The authorities Defendants themselves cite refute that argument.

In *Reed v. Bennett* — cited in Defendants' Motion — the court **denied** entry of the movant's proposed protective order precisely because it was not limited to specific categories of documents and "would protect any document defendant 'reasonably contends contain proprietary and confidential information,'" allowing the movant to "unilaterally

choose to designate any such document as "confidential."" *Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000). Good cause, the court held, requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000) The movant "must do more than simply state that such documents are proprietary and confidential." *Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000) Defendants' other authority is in accord: the good-cause standard "is not met by conclusory statements," and the designating party "must show that disclosure will result in a clearly defined and serious injury." *Bustos v. United States*, 257 F.R.D. 617 (D. Colo. 2009)

That is the whole point of Plaintiff's provisions. A regime of unilateral, unexplained designation backed only by a promise of good faith is the regime *Reed* rejected. Plaintiff's provisions supply the specificity these authorities require by ensuring that, when a designation is questioned, the designating party states the particular basis for it rather than resting on the label.

**D. Plaintiff's provisions impose no undue burden and promote efficiency.**

Requiring the designating party to explain a challenged designation within a short, defined period imposes no meaningful burden. The party already had to make the designation in good faith, and it "has ready access to the pertinent information." Placing the initial burden of coming forward on that party is also more efficient: it avoids forcing the challenging party to guess at the basis for a designation and to initiate motion practice to learn it. This Court recognized in *DeBeer* that blanket-order procedures should be structured to avoid needless, document-by-document litigation over confidentiality.

Plaintiff's provisions serve that goal; Defendants' proposal, which would leave a challenger to move blind, does not.

Plaintiff's written-demand mechanism is also fully compatible with this Court's informal discovery-dispute procedure under Local Rule 37.1(b). The written explanation is exchanged between counsel; only if it fails to resolve the dispute would the parties invoke the Court's informal conferral process. Nothing in Plaintiff's proposal displaces or complicates that process.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed protective order, submitted herewith, which is identical to Defendants' proposed order except for the two provisions discussed above. In the alternative, Plaintiff requests that the Court enter a protective order incorporating those two provisions.

Respectfully submitted this 16th day of August 2026.

*/s/ Jack D. Edwards*

Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
EDWARDS LAW OFFICE, P.C.
PO Box 5345
Etna, WY 83118
307.883.2222
Fax: 307.883.0555
jack@edwardslawofficepc.com
kaden@edwardslawofficepc.com
*Attorneys for the Plaintiff*